THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LION FISHERIES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>A1 TRANSMISSION & MARINE, INC, *et al.*,<br><br>        Defendants. | CASE NO. C23-0984-JCC<br><br>ORDER |

This matter comes before the Court on Defendant A1 Transmission & Marine, Inc.'s ("A1 Transmission") and Defendant J&H Marine, Inc.'s ("J&H Marine") motions to dismiss for lack of personal jurisdiction. (*See generally* Dkt. Nos. 12, 14.) Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motions for the reasons explained herein.

I.     BACKGROUND

This is a negligence and breach of contract action brought by Plaintiff against two out-of-state Defendants. Defendants A1 Transmission and J&H Marine are California corporations, neither of whom are incorporated nor have headquarters in Washington State. (*See generally* Dkt. No. 12.) Plaintiff Lion Fisheries asserts negligence and breach of contract claims for repairs performed by Defendants to a fishing vessel, "F/V ADVENTURE," in 2022. (*See* Dkt. No. 1.)

"J&H Marine" performed all of its repairs to the vessel at its repair facility in California. (Dkt. No. 14 at 2.) Similarly, it is undisputed that A1 Transmission performed its work in California. (Dkt. No. 12 at 3.) Plaintiff's sole basis for suing in this jurisdiction is that Plaintiff's principal place of business is in Washington and the property in question is owned by him. (Dkt. No. 1 at 2–3.) Accordingly, Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. Nos. 12, 14.)

## II.   DISCUSSION

### A.   Standard of Review

Claims against a defendant may be dismissed when a court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant seeks dismissal on these grounds, the plaintiff must prove jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Diamler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Thus, the only question remaining for a Washington district court is whether the Court's exercise of jurisdiction comports with the limitations imposed by due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). A court may not exercise jurisdiction over a defendant if that exercise of jurisdiction "offend[s] traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be hailed into a court in that forum. *Id.* The extent of those contacts can result in either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If the requirements for either are met, a court has jurisdiction over the parties. *Helicopteros*, 466 U.S. at 413–14.

### B. General Jurisdiction

General jurisdiction permits a court to consider claims against a person or a corporation for any conduct, even that which occurred outside the forum state. *Goodyear*, 564 U.S. at 924; *Daimler*, 134 S. Ct. at 754. A corporation's mere presence within a state is not sufficient to establish general jurisdiction. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). Rather, the corporation's contacts with the state must be "so continuous and systematic as to render [it] essentially at home." *Goodyear*, 564 U.S. at 919. A corporation is undeniably "at home" in both the state where it is incorporated and the state where it is headquartered. *Daimler*, 134 S. Ct. at 760. A corporation may also be considered "at home" outside those states, but only in "exceptional case[s]." *BNSF*, 137 S. Ct. at 1558.

Here, both Defendants are California corporations with their principal places of business in California. (*See generally* Dkt. Nos. 12, 14.) Plaintiff seems to assert that jurisdiction is proper in Washington because the underlying subject-matter belongs to a Washington resident, and that in assuming repairs, Defendants' contacts were sufficiently great such that they were essentially "at home" in Washington. (*See* Dkt. No. 1.) Plaintiff's theory proves too much.

The Ninth Circuit has consistently stated that "[t]he level of contact with the forum state necessary to establish general jurisdiction is quite high." *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990) (finding insufficient contacts where cruise line business purposefully advertised, mailed brochures, conducted promotional seminars, and sold vacation cruises to Washington residents) (emphasis added). The facts pled here are a far cry from those in *Shute*. Not only did the substantial events take place in California, but A1 Transmission and J&H Marine have no ongoing business dealings or contacts in Washington. (*See generally* Dkt. Nos. 12 at 8–9, 14 at 4–6.) Merely assuming repairs of subject-matter belonging to an out-of-state citizen does not give rise to such minimum contacts for general personal jurisdiction to attach. *See Shute*, 897 F.2d at 380.

Accordingly, the Court FINDS that this Court lacks general jurisdiction over Defendants

A1 Transmission and J&H Marine.

### C. Specific Jurisdiction

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). To prove that specific jurisdiction exists, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state, (2) the lawsuit arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot*, 780 F.3d at 1211. A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2003). This occurs if the defendant: "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Here, Plaintiff fails to plausibly allege that any of Defendants' actions in this matter were expressly aimed at Washington. *See Schwarzenegger*, 374 F.3d at 807. Rather, Plaintiff seems to suggest that Defendants, in effect, ought to have foreseen that their actions could have impacted an out-of-state resident. (*See generally* Dkt. No. 1.) But a "mere foreseeable effect" in the forum state is insufficient to establish purposeful direction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Plaintiff similarly fails to establish the threshold requirement that the underlying action "arise[s] out of" or "relate[s] to" the defendants' forum-related activities. *See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) ("In order to support jurisdiction with only one forum state contact, the cause of action must arise out of that particular purposeful contact of the defendant with the forum state."). Having failed to satisfy these necessary requirements, the Court need not consider whether the assertion of jurisdiction conforms with overall notions of fair play and substantial justice.

Accordingly, the Court FINDS Plaintiff also lacks specific personal jurisdiction over

Defendants.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 12, 14) are GRANTED.

DATED this 3rd day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE